HENDLER v. HENIG et al.

(Supreme Court, Appellate Division, First Department.   May 5, 1916.)

NEGLIGENCE ☞66(2)—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER.

Where the plaintiff entered an elevator shaft, at the entrance of defendant's stable, observing that the elevator was at the second story and stationary, without giving any warning of his intention to the operator of the elevator, although the chain guarding the shaft was not hooked across the passageway, he was guilty of contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 88, 89; Dec. Dig. ☞66(2).]

Smith, J., dissenting.

Appeal from Trial Term, New York County.

Action by Isaac Hendler against Michael Henig and others.   From a judgment for plaintiff, and an order denying a motion for a new trial, defendants appeal.   Reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Leon Sanders, of New York City, for appellants.

Charles Goldzier, of New York City, for respondent.

SCOTT, J.   The action is for damages for injuries sustained by plaintiff by being crushed by an elevator maintained by defendants upon premises occupied by them.

The defendants maintained a boarding livery stable in Attorney street, in the city of New York.   The entrance to this stable and to defendants' office was through an alleyway about 10 feet wide and 15 feet in depth.   At the end of the alleyway and forming a part of the inclosed portion of the stable was an elevator shaft leading to the floor above, where the vehicles were stored.   The elevator operated in this shaft was of the full width of the passageway and so constructed that when it was down its floor was on a level with the floor of the alleyway.   The pit or depression in which the elevator rested when down was about 8 inches.   The defendants had furnished a chain to be hooked across the alleyway in front of the elevator shaft when the elevator was in operation.   Whether it was in place when the plaintiff was injured was sharply contested at the trial.   The verdict for the plaintiff indicates that the jury found that, at the time of the accident, the chain was not properly hooked across the passageway, and for the purposes of this appeal we accept that finding.

Plaintiff was a real estate dealer or broker, who had had business relations with defendants in the past, and knew the premises thoroughly well, having been on them perhaps 100 times.   He says that he came to the stable to see defendants on a matter of business, but what that business was is not disclosed.   It does not appear that on this particular occasion he came by special invitation or by appointment.   He entered the alley or passageway, and when he came to the elevator shaft he observed that the elevator was up at the second story and was stationary.   He concluded that he could safely pass under it and

started to do so, but without calling out or giving any warning of his intention to whoever may have been operating the elevator. Before he had safely crossed the shaft the elevator came down and struck him upon the head, producing the injuries for which he sues.

The sole negligence charged against defendants is the omission to have the elevator shaft guarded by the chain while the car was in operation. The plaintiff was not an employé of defendants and had not come upon the premises by any special invitation. There is no question of the violation of any law or ordinance. All we have is a situation in which a person might be injured by a descending elevator. The depression in the floor when the elevator was aloft was too slight to require any particular guard to prevent a person from falling in, and it is not contended that this depression contributed at all to the accident. The only object in having a chain across the alleyway was to warn passers that the elevator was up, and that it might be dangerous to pass under it. The fact that the chain was not up when the plaintiff approached the shaft was, as we consider, wholly immaterial under the circumstances, because the plaintiff concededly saw that the elevator was up before he attempted to pass. So he was warned by his own eyesight of the danger. If the chain had been up in place, he would have had no more convincing warning of the danger to which he exposed himself. Under these circumstances the absence of the chain cannot be said to have been the procuring cause of the accident, which resulted directly from plaintiff's heedlessness in exposing himself to an apparent danger.

The undisputed facts established no liability on the part of defendants, and their motion for a dismissal of the complaint at the close of the case should have been granted.

The judgment and order appealed from must therefore be reversed, and the complaint dismissed, with costs to defendants in this court and the court below. Order filed.

CLARKE, P. J., and McLAUGHLIN and DAVIS, JJ., concur.

SMITH, J. (dissenting). Plaintiff was not a trespasser—not a mere licensee. He came to defendants' stable upon a business matter, was rightfully there, and defendants owed to him a duty of reasonable care. This alleyway was the only entrance to the stable. Plaintiff found the elevator at rest at the first floor, and the chain, which usually guarded the passageway in times of danger, down. This was to him an assurance of safety, and in my judgment it is error to hold as matter of law that his passing under the elevator was contributory negligence. One about to cross a railroad track finds the gates raised and an engine at rest by the side of the crossing. He may cross without being charged as matter of law with contributory negligence. This case is precisely parallel, and the judgment should be affirmed.